## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SURATKUMAR PATEL** | : | |
| 540 Elford Road | : | |
| Fairless Hills, PA 19030 | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| v. | : | CIVIL ACTION NO.: |
| | : | |
| **ROHIT PATEL** | : | |
| 785 Coffeewood Court | : | |
| San Jose, CA 95120; and | : | |
| **PUSHPA PATEL** | : | |
| 785 Coffeewood Court | : | |
| San Jose, CA 95120; jointly and severally | : | |
| | : | |
| **Defendants** | : | |

## COMPLAINT

### Background

1. Plaintiff Suratkumar Patel ("Surat") is an individual residing at 540 Elford Road, Fairless Hills, PA 19030 and is a citizen of the Commonwealth of Pennsylvania.

2. Defendant Rohit Patel ("Rohit") is an individual residing at 785 Coffeewood Court, San Jose, CA 95120 and is a citizen of the State of California.

3. Defendant Pushpa Patel ("Pushpa") is an individual residing at 785 Coffeewood Court, San Jose, CA 95120 and is a citizen of the State of California.

4. Jurisdiction is based on diversity under 28 U.S.C. §1332(a)(1).

### Facts

5. At all times hereto, Defendant Rohit held himself out as knowledgeable in the area of money investment and/or money management.

6.  Defendant Rohit had solicited Plaintiff Surat for Plaintiff Surat to provide Defendant Rohit with investment money and that Defendant Rohit would produce a profit based on the investment

7.  Plaintiff Surat had provided money to Defendant Rohit, in 2009, for the purposes of money management and investment.

8.  Defendant Rohit had fulfilled his obligations for that transaction and produced a profit for Plaintiff Surat.

9.  In 2011, Defendant Rohit agreed to provide Plaintiff Surat a rate of return of Ten Percent (10%) on Plaintiff Surat's investment.

10. On or about October 11, 2011, Defendant Rohit had credited Plaintiff Surat with Six Hundred Dollars ($600.00) from the previous transactions.

11. From October 11, 2011 through January 30, 2012, Plaintiff Surat provided Defendant Rohit with Sixty Thousand Five Hundred Twenty Dollars ($60,520.00) via cashier's checks and money orders.

12. This is verified in Defendant Rohit's email to Plaintiff Surat on December 5, 2012. (Attached as Exhibit A and incorporated by reference herein)

13. On or about March 31, 2012, Defendant Rohit began repaying Plaintiff Surat the principal and interest.

14. Until on or about September 30, 2013, Defendant Rohit continued to make monthly payments to Plaintiff Surat of the principal and interest.

15. On or about July 31, 2013, Defendant Rohit provided Plaintiff Surat with fourteen post-dated, signed, personal checks, totaling the amount $136,000.00 and instructed him write

his own name on the "Pay To" line. (Attached as Exhibit B and incorporated by reference herein)

16. Between September 30, 2013, and March 3, 2014, Defendant Rohit did not submit any principal or interest to Plaintiff Surat.

17. On or about March 3, 2014, Plaintiff Surat attempted to cash personal check no. 772 at TD Bank, which was returned due to insufficient funds. (Attached as Exhibit C and incorporated by reference herein).

18. On or about April 4, 2014, Plaintiff Surat's attorney had a phone conversation with Defendant Rohit regarding the money owed to Plaintiff Surat, wherein Defendant Rohit admitted he owed the above mentioned amount but did not have the funds to cover the checks.

19. On or about April 15, 2014, Plaintiff Surat's attorney attempted to resolve the debt owed by Defendant Rohit to Plaintiff Surat with a promissory note to provide periodic payments on a monthly basis.

20. Since the date on or about May 15, 2014, Defendant Rohit verbally agreed to enter into the promissory note, but failed to sign the document or make payments.

21. To the present date, Defendant Rohit has not provided Plaintiff Surat with any payments of the amount owed to Plaintiff Surat.

## **DAMAGES**

22. As a result of the insufficient funds in Defendant's account, Plaintiff has suffered a loss of One Hundred Thirty Six Thousand Dollars ($136,000.00).

## COUNT I
## CONVERSION

23. Plaintiff hereby incorporates by reference the preceding paragraphs as though the same were fully set forth at length herein.

24. A fiduciary or trust relationship existed between Defendant Rohit and Plaintiff Surat.

25. A fiduciary or trust relationship existed between Defendant Rohit and Plaintiff Surat because Defendant Rohit solicited investment capital from Plaintiff Surat with the promise to invest it and return ten percent interest to Plaintiff Surat.

26. Defendant Rohit and Plaintiff Surat were engaged in an investor/investee fiduciary relationship.

27. Plaintiff Surat has the right to One Hundred Thirty Six Thousand Dollars ($136,000.00) from the fourteen checks that were post-dated, signed, and given to him by Defendant Rohit.

28. Plaintiff Surat has been deprived the right to possess the One Hundred Thirty Six Thousand Dollars ($136,000.00) by Defendant Rohit's failure to place sufficient funds in his checking account.

29. Defendant Rohit is unlawfully retaining the funds that belong to Plaintiff Surat.

30. As a result of the unlawful retention of funds, Plaintiff has suffered lost profits in the amount of One Hundred Thirty Six Thousand Dollars ($136,000.00) plus interest.

31. As a result of the unlawful retention of funds, Plaintiff has suffered damages of lost profits, revenue, interest, late fees, costs, and/or attorney's fees.

**WHEREFORE,** Plaintiff requests this Honorable Court to enter Judgment in its favor and against Defendant, in the amount of One Hundred Thirty Six Thousand Dollars

($136,000.00) plus interest, cost of suit, attorney's fees, and any other relief this Honorable Court deems just and appropriate.

## COUNT II
## FRAUD - MISREPRESENTATION

32. Plaintiff hereby incorporates by reference the preceding paragraphs as though the same were fully set forth at length herein.

33. Defendant Rohit committed a fraud against Plaintiff Surat by making a misrepresentation to Plaintiff Surat.

34. Defendant Rohit misrepresented to Plaintiff Surat the fact that there were One Hundred Thirty Six Thousand Dollars ($136,000.00) accessible to Plaintiff Surat from Defendant Rohit's account.

35. Defendant Rohit uttered the misrepresentation to Plaintiff Surat, that the abovementioned funds were accessible to Plaintiff Surat, when Defendant Rohit wrote to Plaintiff Surat fourteen checks totaling One Hundred Thirty Six Thousand Dollars ($136,000.00) and failed to maintain the funds in that checking account.

36. Defendant Rohit knew that the representation he made by writing the checks was false because he asked Plaintiff Surat to wait before cashing them.

37. Defendant Rohit intended Plaintiff Surat to act upon his misrepresentation that the funds were accessible when he gave the signed, post-dated, and valued checks to Plaintiff Surat.

38. Defendant Rohit intended Plaintiff Surat to act upon his misrepresentation that the funds were accessible when he instructed Plaintiff Surat to cash the checks for One Hundred Thirty Six Thousand Dollars ($136,000.00).

39. Defendant Rohit intended Plaintiff Surat to act upon his misrepresentation that the funds were accessible when he instructed Plaintiff Surat to fill in his own name on the "Pay To" line of the checks.

40. Defendant Rohit intended to deceive Plaintiff Surat regarding the accessibility of the funds in order to retain the funds for a longer period of time.

41. Plaintiff Surat justifiably relied on Defendant Rohit's representation that the funds were accessible in the checking account because all of the previous payments came from that account and were accessible.

42. Plaintiff Surat justifiably relied on Defendant Rohit's instructions to write his own name on the "Pay To" line of the fourteen checks because previous payments had been written and cashed in this manner without objection.

43. Plaintiff Surat justifiably relied on Defendant Rohit's instructions to wait before cashing the checks because Defendant Rohit had previously instructed Plaintiff Surat on the cashing of checks and had a history of the payments being accessible.

44. Plaintiff Surat's loss of One Hundred Thirty Six Thousand Dollars ($136,000.00) is the proximate result of Defendant Rohit's wrongful retention of the funds.

45. As a result of the fraudulent misrepresentation about the accessibility of the funds, Plaintiff has suffered lost profits in the amount of One Hundred Thirty Six Thousand Dollars ($136,000.00) plus interest.

46. As a result of the fraudulent misrepresentation about the accessibility of the funds, Plaintiff has suffered damages of lost profits, revenue, interest, late fees, costs, and/or attorney's fees.

**WHEREFORE,** Plaintiff requests this Honorable Court to enter Judgment in its favor and against Defendant, in the amount of One Hundred Thirty Six Thousand Dollars ($136,000.00) plus interest, cost of suit, attorney's fees, and any other relief this Honorable Court deems just and appropriate.

## COUNT III
## <u>FRAUD - CONCEALMENT</u>

47. Plaintiff hereby incorporates by reference the preceding paragraphs as though the same were fully set forth at length herein.

48. Defendant Rohit committed a fraud against Plaintiff Surat by engaging in concealment intended to deceive Plaintiff Surat.

49. Defendant Rohit concealed from Plaintiff Surat the fact that One Hundred Thirty Six Thousand Dollars ($136,000.00) was inaccessible and not accessible to Plaintiff Surat from Defendant Rohit's account.

50. Defendant Rohit had a duty to speak to Plaintiff Surat regarding the accessibility of the funds because Defendant Rohit had an agreement with Plaintiff Surat that Defendant Rohit would invest Plaintiff Surat's money for him.

51. Defendant Rohit had a duty to speak to Plaintiff Surat regarding the accessibility of the funds because Defendant Rohit knew that Plaintiff Surat was relying on Defendant Rohit's representations that the funds were accessible, and Defendant Rohit was the only party that was the source of the information regarding the funds to Plaintiff Surat.

52. Defendant Rohit had a duty to speak to Plaintiff Surat regarding the accessibility of the funds because Defendant Rohit knew that Plaintiff Surat was relying on Defendant

Rohit's representations that the funds were accessible, and Plaintiff Surat could not have discovered the lack of accessibility of the funds by other reasonable means.

53. Defendant Rohit engaged in the concealment from Plaintiff Surat, that the abovementioned funds were not accessible to Plaintiff Surat, when Defendant Rohit assured Plaintiff Surat that fourteen checks totaling One Hundred Thirty Six Thousand Dollars ($136,000.00) could be cashed by Plaintiff Surat.

54. Defendant Rohit knowingly concealed the inaccessibility of the funds when he asked Plaintiff Surat to wait before cashing the checks, and assured Plaintiff Surat that the funds would be accessible later but not at time of writing the check.

55. Defendant Rohit intended Plaintiff Surat to act upon his deception that the funds were accessible when he gave the signed, post-dated, and valued checks to Plaintiff Surat.

56. Defendant Rohit intended Plaintiff Surat to act upon his deception that the funds were accessible when he instructed Plaintiff Surat to cash the checks for One Hundred Thirty Six Thousand Dollars ($136,000.00).

57. Defendant Rohit intended Plaintiff Surat to act upon his deception that the funds were accessible when he instructed Plaintiff Surat to fill in his own name on the "Pay To" line of the checks as had been previous practice between the parties.

58. Defendant Rohit intended to deceive Plaintiff Surat regarding the accessibility of the funds in order to retain the funds for a longer period of time.

59. Plaintiff Surat justifiably relied on Defendant Rohit's deception that the funds would be accessible in the checking account because all of the previous payments came from that account and were accessible.

60. Plaintiff Surat justifiably relied on Defendant Rohit's instructions to wait before cashing the checks because Defendant Rohit had previously instructed Plaintiff Surat on the cashing of checks and had a history of the payments being accessible.

61. Plaintiff Surat's loss of One Hundred Thirty Six Thousand Dollars ($136,000.00) is the proximate result of Defendant Rohit's wrongful concealment of the accessibility of the funds.

62. As a result of the fraudulent misrepresentation about the accessibility of the funds, Plaintiff has suffered lost profits in the amount of One Hundred Thirty Six Thousand Dollars ($136,000.00) plus interest.

63. As a result of the fraudulent misrepresentation about the accessibility of the funds, Plaintiff has suffered damages of lost profits, revenue, interest, late fees, costs, and/or attorney's fees.

**WHEREFORE,** Plaintiff requests this Honorable Court to enter Judgment in its favor and against Defendant, in the amount of one hundred and thirty-six thousand dollars ($136,000.00) plus interest, cost of suit, attorney's fees, and any other relief this Honorable Court deems just and appropriate.

## COUNT IV
## UNJUST ENRICHMENT

64. Plaintiff hereby incorporates by reference the preceding paragraphs as though the same were fully set forth at length herein.

65. The court should imply a contract between Defendant Rohit and Plaintiff Surat.

66. Defendant Rohit promised to invest Plaintiff Surat's money in exchange for Plaintiff Surat's promise to provide Defendant Rohit with capital.

67. Defendant Rohit and Plaintiff Surat both acted sufficiently to establish the relationship of investor/investee.

68. Defendant Rohit solicited investment capital from Plaintiff Surat, Plaintiff Surat provided the investment capital to Defendant Rohit, and Defendant Rohit made periodic payments of interest to Plaintiff Surat.

69. Plaintiff Surat's investment of capital was not gratuitous.

70. Defendant Rohit communicated with Plaintiff Surat about the investment and periodic payments of interest to Plaintiff Surat via email.

71. Defendant Rohit communicated with Plaintiff Surat about the investment and periodic payments of interest to Plaintiff Surat via email, and recorded their transactional history.

72. Defendant Rohit had the benefit of investment capital conferred on him by Plaintiff Surat.

73. Defendant Rohit appreciated the benefit of the investment capital by investing it and accessing it.

74. Defendant Rohit's retention of the One Hundred Thirty Six Thousand Dollars ($136,000.00) is inequitable and he should not retain that benefit.

75. Defendant Rohit would be unjustly enriched if he retained the benefit of the One Hundred Thirty Six Thousand Dollars ($136,000.00).

76. As a result of Defendant Rohit's unjust enrichment, Plaintiff has suffered lost profits in the amount of One Hundred Thirty Six Thousand Dollars ($136,000.00) plus interest.

77. As a result of Defendant Rohit's unjust enrichment, Plaintiff has suffered damages of lost profits, revenue, interest, late fees, costs, and/or attorney's fees.

**WHEREFORE,** Plaintiff requests this Honorable Court to enter Judgment in its favor and against Defendant, in the amount of One Hundred Thirty Six Thousand Dollars ($136,000.00) plus interest, cost of suit, attorney's fees, and any other relief this Honorable Court deems just and appropriate.

Respectfully Submitted,
**THE SAMPAT LAW FIRM, LLC**

Date: 10/13/2014          By: _____

NEAL J. SAMPAT, ESQUIRE
Attorney for Plaintiff
The Sampat Law Firm, LLC
370 Middletown Boulevard, Suite 502
Langhorne, PA 19047
Phone: 215-268-6520

## VERIFICATION

I, Suratkumar Patel, verify that the statements made in the forgoing complaint are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S.A. § 4904 relating to unsworn falsification to authorities.

Date: 10/13/2014

Suratkumar Patel

# EXHIBIT A

**Neal J. Sampat**

| | |
|---|---|
| **From:** | Surat Patel <suratpatel@hotmail.com> |
| **Sent:** | Thursday, July 17, 2014 11:38 PM |
| **To:** | Neal J. Sampat; Surat Patel |
| **Subject:** | FW: Account status and template |
| **Attachments:** | template for surat.XLS; SGP_Status.xlsx |

Date: Wed, 5 Dec 2012 15:54:15 -0800
Subject: Account status and template
From: rohitatel@gmail.com
To: suratpatel@hotmail.com

Here they are. Call me if you have questions.
Say hi to Shubhada.

- rohit

Sheet1

| SGP-2011/12 | | | |
|---|---|---|---|
| **Deposits** | **D E T A I L S** | | |
| 600 | From Rohit | | |
| 6000 | 2 Cashier's Checks of 3K each - 10/11/11 | | |
| 4000 | Cashier' Check - 10/14/11 | | |
| 2400 | Money Orders (430,980 & 990) - 10/14/11 | | |
| 1650 | Money Orders (700 & 950 OR 750 & 900 - not sure) - 10/28/11 | | |
| 950 | Money Order - 10/31/11 | | |
| 1950 | Money Orders (980 & 970) - 11/03/11 | | |
| 7450 | Money Orders (980,980 & 990) | | |
|  | And 2 Cashier'sChecks (1000, 3500) - 11/10/11 | | |
| 1500 | Money Orders (800 & 700) - 11/12/11 | | |
| 1470 | Money Orders (550 & 920) - 11/15/11 | | |
| 990 | Money Order - 11/21/11 | | |
| 990 | Money Order - 11/25/11 | | |
| 990 | Money Order - 11/26/11 | | |
| 3960 | Money Order (960) & Cashier's Check(3000) - 12/2/11 | | |
| 2280 | Money Orders (900 & 880) & Cashier's Check(500) - 12/5/11 | | |
| 2000 | Cashier' Check - 12/09/11 | | |
| 4500 | Cashier' Check - 12/12/11 | | |
| 990 | Money Order - 12/19/11 | | |
| 7000 | Cashier' Check - 12/30/11 | | |
| 1000 | Cashier' Check - 1/3/12 | | |
| 5460 | Money Orders (3x990, 2x980 & 530) - 1/20/12 | | |
| 2990 | Money Order (990) & Cashier's Check(2000) - 1/30/12 | | |
| -3000 | Withdrawl | 3/31/2012 | Chk # 692 |
| -3000 | Withdrawl | 4/30/2012 | Chk # 693 |
| -3000 | Withdrawl | 5/31/2012 | Chk # 694 |
| -3000 | Withdrawl | 6/30/2012 | Chk # 702 |
| -2000 | Withdrawl | 7/31/2012 | Chk # 703 |
| -2000 | Withdrawl | 8/31/2012 | Chk # 704 |

Sheet1

| | -12000 | | | | Withdrawls | 4 at 3000 each | 705-708 |
|---|---|---|---|---|---|---|---|
| | 33120 | | | | | | |
| | | | | **T O T A L S** | | | |
| **Date** | **Deposits Before 20th** | **Balance** | **Gain @ 10%** | **Withdrawls** | **Final Balance For Next month** | | |
| 9/30/2011 | | 0.00 | 0.00 | 0.00 | 0.00 | | |
| | 600 | | | | | | |
| | 6000 | | | | | | |
| | 4000 | | | | | | |
| | 2400 | | | | | | |
| 10/30/2011 | 13000.00 | 13000.00 | 1300.00 | 0.00 | 14300.00 | | |
| | 1650 | | | | | | |
| | 950 | | | | | | |
| | 1950 | | | | | | |
| | 7450 | | | | | | |
| | 1500 | | | | | | |
| | 1470 | | | | | | |
| 11/30/2011 | 14970.00 | 29270.00 | 2927.00 | 0.00 | 32197.00 | | |
| | 990 | | | | | | |
| | 990 | | | | | | |
| | 990 | | | | | | |
| | 3960 | | | | | | |
| | 2280 | | | | | | |
| | 2000 | | | | | | |
| | 4500 | | | | | | |

Sheet1

| Date | 990 | | | | | chk # | 6% | Region |
|---|---|---|---|---|---|---|---|---|
| 12/31/2011 | 16700.00 | 48897.00 | 4889.70 | 0.00 | 53786.70 | | | |
| | 7000 | | | | | | | |
| | 1000 | | | | | | | |
| 1/31/2012 | 8000.00 | 61786.70 | 6178.67 | 0.00 | 67965.37 | | | |
| | 5460 | | | | | | | |
| | 2990 | | | | | | | |
| 2/29/2012 | 8450.00 | 76415.37 | 4584.92 | 0.00 | 81000.29 | | 6% | In India |
| 3/31/2012 | 0.00 | 81000.29 | 8100.03 | 3000.00 | 86100.32 | chk # 692 | | |
| 4/30/2012 | 0.00 | 86100.32 | 8610.03 | 3000.00 | 91710.35 | chk # 693 | | |
| 5/31/2012 | 0.00 | 91710.35 | 9171.04 | 3000.00 | 97881.39 | chk # 694 | | |
| 6/30/2012 | 0.00 | 97881.39 | 9788.14 | 3000.00 | 104669.53 | chk # 702 | | |
| 7/31/2012 | 0.00 | 104669.53 | 6280.17 | 2000.00 | 108949.70 | chk # 703 | 6% | In NJ - Canada |
| 8/31/2012 | 0.00 | 108949.70 | 6536.98 | 2000.00 | 113486.68 | chk # 704 | 6% | In Europe |
| 9/30/2012 | 0.00 | 113486.68 | 11348.67 | 3000.00 | 121835.35 | chk # 705 | | |
| 10/31/2012 | 0.00 | 121835.35 | 12183.53 | 3000.00 | 131018.88 | chk # 706 | | |
| 11/30/2012 | 0.00 | 131018.88 | 13101.89 | 3000.00 | 141120.77 | chk # 707 | | |
| 12/31/2012 | 0.00 | 141120.77 | 14112.08 | 3000.00 | 152232.85 | chk # 708 | | |

# EXHIBIT B

**ROHIT N PATEL**
**PUSHPA R PATEL**
408.268.8984
6339 MENLO DR
SAN JOSE, CA 95120

772

90-78-1211

9/30/2013

PAY TO THE
ORDER OF _____ $ 12000 00

Twelve thousand _____ DOLLARS

BANK OF THE WEST
1-800-488-2265

FOR _____ Rohit Patel    MP

⑆121100782⑆ 008057356⑈ 00772

---

**ROHIT N PATEL**
**PUSHPA R PATEL**
408.268.8984
6339 MENLO DR
SAN JOSE, CA 95120

773

90-78-1211

10/31/2013

PAY TO THE
ORDER OF _____ $ 12000 00

Twelve thousands _____ DOLLARS

BANK OF THE WEST
1-800-488-2265

FOR _____ Rohit Patel    MP

⑆121100782⑆ 008057356⑈ 00773

---

**ROHIT N PATEL**
**PUSHPA R PATEL**
408.268.8984
6339 MENLO DR
SAN JOSE, CA 95120

774

90-78-1211

11/30/2013

PAY TO THE
ORDER OF _____ $ 12000 00

Twelve thousands _____ DOLLARS

BANK OF THE WEST
1-800-488-2265

FOR _____ Rohit Patel    MP

⑆121100782⑆ 008057356⑈ 00774

**ROHIT N PATEL**
**PUSHPA R PATEL**
408.268.8984
6339 MENLO DR
SAN JOSE, CA  95120

90-78-1211

775

12/31/2013

PAY TO THE
ORDER OF _____  $ 9000 ⁰⁰

Nine thousands _____ DOLLARS

**BANK OF THE WEST**
1-800-488-2265

FOR _____  Rohit Patel    MP

⑆121100782⑆  008057356⑈ 00775

---

**ROHIT N PATEL**
**PUSHPA R PATEL**
408.268.8984
6339 MENLO DR
SAN JOSE, CA  95120

90-78-1211

776

12/31 20/13

PAY TO THE
ORDER OF _____  $ 9000 ⁰⁰

Nine thousands _____ DOLLARS

**BANK OF THE WEST**
1-800-488-2265

FOR _____  Rohit Patel    MP

⑆121100782⑆  008057356⑈ 00776

---

**ROHIT N PATEL**
**PUSHPA R PATEL**
408.268.8984
6339 MENLO DR
SAN JOSE, CA  95120

90-78-1211

777

12/31/20 13

PAY TO THE
ORDER OF _____  $ 9000 ⁰⁰

Nine thousands _____ DOLLARS

**BANK OF THE WEST**
1-800-488-2265

FOR _____  Rohit Patel    MP

⑆121100782⑆  008057356⑈ 00777

**ROHIT N PATEL**
**PUSHPA R PATEL**
408.268.8984
6339 MENLO DR
SAN JOSE, CA  95120

90-78-1211

783

12 / 31 / 20 13

PAY TO THE
ORDER OF

$ 9000

Nine thousands

DOLLARS

**BANK OF THE WEST**
1-800-488-2265

FOR

Rohit Patel

⑈:1211007821: 008057356⑈ 00783

---

**ROHIT N PATEL**
**PUSHPA R PATEL**
408.268.8984
6339 MENLO DR
SAN JOSE, CA  95120

90-78-1211

782

12 / 31 / 2013

PAY TO THE
ORDER OF

$ 9000

Nine thousands

DOLLARS

**BANK OF THE WEST**
1-800-488-2265

FOR

Rohit Patel

⑈:1211007821: 008057356⑈ 00782

---

**ROHIT N PATEL**
**PUSHPA R PATEL**
408.268.8984
6339 MENLO DR
SAN JOSE, CA  95120

90-78-1211

781

12 / 31 / 2013

PAY TO THE
ORDER OF

$ 9000

Nine thousands

DOLLARS

**BANK OF THE WEST**
1-800-488-2265

FOR

Rohit Patel

⑈:1211007821: 008057356⑈ 00781

**ROHIT N PATEL**
**PUSHPA R PATEL**
408.268.8984
6339 MENLO DR
SAN JOSE, CA  95120

90-78-1211

785

12 / 31 / 2013

PAY TO THE
ORDER OF _____  $  9000 00

Nine thousands _____  DOLLARS

**BANK OF THE WEST**
1-800-488-2265

FOR _____     Rohit Patel     MP

⑆121100782⑆   008057356⑆ 00785

---

**ROHIT N PATEL**
**PUSHPA R PATEL**
408.268.8984
6339 MENLO DR
SAN JOSE, CA  95120

90-78-1211

784

12 / 31 / 2013

PAY TO THE
ORDER OF _____  $  10000 00

Ten thousands _____  DOLLARS

**BANK OF THE WEST**
1-800-488-2265

FOR _____     Rohit Patel     MP

⑆121100782⑆   008057356⑆ 00784

---

**ROHIT N PATEL**
**PUSHPA R PATEL**
408.268.8984
6339 MENLO DR
SAN JOSE, CA  95120

90-78-1211

778

12 / 31 / 2013

PAY TO THE
ORDER OF _____  $  9000 00

Nine thousands _____  DOLLARS

**BANK OF THE WEST**
1-800-488-2265

FOR _____     Rohit Patel     MP

⑆121100782⑆   008057356⑆ 00778



**ROHIT N PATEL**
**PUSHPA R PATEL**
408.268.8984
6339 MENLO DR
SAN JOSE, CA 95120

90-78-1211

779

PAY TO THE
ORDER OF _____ $ 9000 ⁰⁰/₁₀₀

Nine thousands _____ DOLLARS

BANK OF THE WEST
1-800-488-2265

FOR _____              Rohit Patel

⑈121100782⑈ 008057356⑈ 00779

---

**ROHIT N PATEL**
**PUSHPA R PATEL**
408.268.8984
6339 MENLO DR
SAN JOSE, CA 95120

90-78-1211

780

PAY TO THE
ORDER OF _____ $ 9000 ⁰⁰/₁₀₀

Nine thousands _____ DOLLARS

BANK OF THE WEST
1-800-488-2265

FOR _____              Rohit Patel

⑈121100782⑈ 008057356⑈ 00780

# EXHIBIT C

 **Bank**

#2

ACCT#    7870000747
DATE:    03/06/2014

America's Most Convenient Bank®    800-428-7000

TD BANK NA
P O BOX 1377
LEWISTON, ME 04243-1377

SHUBHADA S PATEL
SURATKUMAR G PATEL
540 ELFORD RD
FAIRLESS HILLS PA        19030

THE FOLLOWING ITEM(S) THAT WERE DEPOSITED INTO ACCT # 7870000747 HAVE BEEN RETURNED
UNPAID.   WE HAVE DEBITED YOUR ACCOUNT AS INDICATED BELOW.  AS A RESULT OF THIS
ACTION, YOUR ACCOUNT IS NOW OVERDRAWN.  IF YOU HAVE ANY QUESTIONS OR CONCERNS,
PLEASE CONTACT US AT THE NUMBER LISTED ABOVE.

| CHECK # | DEPOSIT DATE | CHECK AMOUNT | RETURN REASON | REFERENCE# | FEE |
|---------|--------------|--------------|---------------|------------|-----|
| 772 | 03/03/2014 | 12,000.00 | NON SUFFICIENT FUNDS | 744130631 | 15.00 |

TOTAL RETURNED
NUMBER OF ITEM(S)          1
AMOUNT OF CHECK(S)      $12,000.00
FEE                              $15.00

AO

*211274450*
03/06/2014
000000713211311

This is a LEGAL COPY of your
check. You can use it the same
way you would use the original
check.

RETURN REASON (A)
NOT SUFFICIENT FUNDS

Cash Letter 1 of 1
Bundle 1 of 1
Item 1 of 1



ROHIT N PATEL
PUSHPA R PATEL
408.268.8984
6339 MENLO DR
SAN JOSE, CA  95120

90-78-1211                         772

9/ 30) 2013

PAY TO THE
ORDER OF     Swrntkumn. h. Patel          $ 12000 ⁰⁰

Twelve thousand _____ DOLLARS

BANK OF THE WEST
1-800-488-2265

FOR _____          Rohn Patel

⑆121100782⑆  008057356⑈ 00772

⑆121100782⑆008057356⑈00772          ⑆000 1200000⑆

